## ALLISON v. ALLISON.

In April, 1880, a decree of divorce was obtained by a wife, in which it was provided that the husband should pay her alimony at the rate of $420 per annum, payable monthly in advance, until the further order of the court. In December of the same year an agreement was entered into between the parties, by which the husband stipulated to pay $10 per month to the wife until their daughter attained the age of 15 years. The wife stipulated that so long as the monthly payments should be made, she would not attempt to enforce the decree; but it was provided that, in case of default in the payments of the monthly installments she should be at liberty to enforce the payments under the decree for the months the husband should be in default. The husband failed to pay the installments for the last year and a half. *Held,* that for the months the husband was in default she was entitled to the alimony specified in the decree. *Held, further,* that when the daughter attained the age of 15, and all payments made under the agreement, the decree as to the alimony should be adjudged cancelled and discharged.

(Syllabus by the court. Opinion filed April 3, 1894.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by Mary S. Allison against Robert Allison to recover $3,645 as alimony based on a decree of divorce. Plaintiff had judgment for $194 only, and appeals. Reversed.

The facts are stated in the opinion.

*E. H. Aplin*, for appellant.

*A. B. Melville*, for respondent.

CORSON, P. J. The plaintiff instituted this action to recover the amount of alimony claimed to be due her by virtue of a decree of divorce rendered in her favor and against the defendant in the circuit court of Milwaukee county, state of Wisconsin, on April 5, 1880, in which the defendant was adjudged to pay to the plaintiff the sum of $420 per annum, monthly in advance, until the further order of the court. The defendant, after making certain denials, set up the following defense, in substance: The defendant alleges that, subsequent to the making of said decree, the plaintiff and defendant entered into an agreement by which it was stipulated that the defendant should pay to the plaintiff $10 per month until their infant daughter should attain the age of 15 years; that said daughter attained said age on the 4th day of January, 1891; and that the defendant had paid all the sums so stipulated to be paid, except the sum of $120, which he had tendered. And the defendant further alleged that said pretended decree had been fully settled and discharged, except the sum of $120, before the commencement of this action. The material part of the contract referred to in the answer is as follows: "It is further stipulated and agreed that the said Robert Allison shall pay to said Mary S. Allison, or to her order in writing, the sum of ten dollars per month, on or before the 15th day of each and every month, commencing on the 1st day of December, 1880,- for the support and maintenance of their child, Mary Luella Allison, now aged about five years, such monthly payments

to continue until said child shall become fifteen years of age, or until her decease prior to that time; and the said Mary S. Allison hereby agrees not to take any legal proceedings or otherwise attempt to collect the alimony allowed her in and by the judgment of divorce granted her against said Robert Allison in the circuit court of Milwaukee county on the 5th day of April, 1880, so long as such monthly installments of ten dollars each shall be paid as aforesaid; but in case of failure to pay such monthly installments, or any one of them, at the time above stated, then and in that case the said Mary S. Allison may take any lawful proceedidgs to collect the alimony provided for in said judgment for each and every month that said monthly payment has not been made, from the time of the entry of such judgment as aforesaid. On the payment of the monthly installments aforesaid, the said Mary S. Allison, or such person named by her in her order, if any be given, shall give a receipt in full for all alimony due for the month for which the installment is due. In witness whereof the said parties have hereunto set their hands and seal this 24th day of December, A. D. 1880. R. Allison. [Seal.] Mary S. Allison. [Seal.]'' The action was tried by the court without a jury, and the court found, in substance, that none of the allegations of the complaint were established except the decree mentioned in the complaint, and that the defendant was indebted to the plaintiff in the sum of $194, which amount he offered to pay. The court also found that it was the intention of the parties, in making the contract referred to in the answer, that it should supersede and annul the judgment, and that upon payment of $194 the judgment set up in the complaint should be deemed and taken to be fully satisfied, and a judgment was therefore entered in accordance with the findings.

It is contended by the counsel for the respondent that the appellant failed to specify the particulars in which the evidence was insufficient to sustain the findings in his bill of exceptions or statement upon which the motion for a new trial was heard,

and that this court cannot, therefore, review the evidence on this appeal. We cannot agree with the counsel in this contention. We are of the opinion that the specifications of the particulars in which the evidence was insufficient fulfills the requirements of the statute.

Error in law is also assigned in admitting evidence on the part of the defendant, to which objection was made, and exceptions taken. It appears from the uncontradicted evidence that $1,090 was paid under the terms of the contract, and that there remained unpaid thereunder the sums stipulated to be paid monthly for the 18 months prior to January 4, 1891, at which time the daughter attained the age of 15 years. By computation it appears that under the terms of the decree, unaffected by the terms of the contract, there would be due about the sum of $3,635, as claimed in the complaint. The questions, therefore, presented are: What effect did the contract have upon the decree, and what amount is the plaintiff entitled to recover in this action? It will be observed from an examination of the contract that Mr. Allison agrees to pay $10 per month for the support of their daughter until she attains the age of 15 years, and that Mrs. Allison agrees "not to take any legal proceedings, or otherwise attempt to collect the alimony allowed her by the judgment * * * so long as such monthly installments * * * shall be paid; * * * but in case of failure to pay, * * * then and in that case the said Mary Allison may take lawful proceedings to collect the alimony * * * for each and every month that said monthly payments have not been made, from the time of the entry of said judgment as aforesaid." From the language of the contract we are of the opinion that it was not the intention of the parties to make the whole sum due from the entry of the decree, less amounts paid, on failure to pay any one installment or more, specified in the contract, but to make the $35 per month specified in the decree due for the months in which the defendant was in default under the contract. We are also of the opinion that the decree was

suspended in its operation during the continuance of the contract, so long as the conditions of the contract were complied with, and would be satisfied and terminated when the daughter attained the age of 15 years, and all payments specified in the contract were made. In other words, the decree was to be kept in force as a security that the contract would be performed, and to compel the punctual and prompt payments of the monthly installments; and it was therefore provided that, when these were not paid, then the plaintiff should have the right to recover $35 per month, as provided in the decree, for the month the defendant was in default. It would seem, however, that a full performance of the contract would satisfy and terminate the decree. This, we think, is the fair and reasonable construction of the contract in the light of surrounding circumstances, and is in accord with the real intention of the parties. Mr. Allison, at the time the contract was made, seems to have been a man of comparatively limited means, but he yet seemed willing to contribute to the support of his daughter until she should attain an age when she might be able to care for herself. Mrs. Allison seemed anxious to secure this aid from her former husband; hence the contract was made. But it is not reasonable to presume that, after the daughter had attained the age specified, it was the intention of the parties that thereafter Mr. Allison should be liable for the payment of $35 per month specified in the decree. Such a construction would be manifestly contrary to the intention of the parties and to the whole tenor and spirit of the agreement, which was evidently a compromise of the decree. It appearing by the undisputed evidence that the defendant had failed to make the monthly payments during the last year and a half prior to the time the daughter attained the age of 15, for those 18 months, or for such time as the defendant was in default, the plaintiff, under the terms of the contract, was entitled to the monthly installments specified in the decree of alimony, namely, $35 per month. No tender seems to have been made by the defendant

of the installments due under the terms of the contract, and he was therefore in default. We are of the opinion that the court erred in finding that only $194, or $10 per month, was due, and in rendering judgment therefor. For the months the defendant was in default she should have been allowed at the rate of $35 per month. The judgment of the circuit court is reversed, and a new trial ordered.